UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

IRAMM WRIGHT,

        Petitioner,

v.                                    Case No: 5:11-cv-193-Oc-29PRL

WARDEN, FCC COLEMAN - MEDIUM,

        Respondent.
_____/

## **ORDER OF DISMISSAL**

This case is before the Court on Iramm Wright's ("Petitioner's") habeas petition filed pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner is an inmate currently confined at the Federal Correctional Complex in Coleman, Florida. He brings this action to challenge the combined 420-month sentence imposed in his five 2005 drug related convictions in the United States Court for the Southern District of Florida (SDFL Case No. 1:05-cr-20437).

Petitioner argues that his sentence was improperly enhanced under the career offender provision of the United States Sentencing Commission Guidelines Manual because one of the underlying convictions used to do so was not a qualifying predicate felony for enhancement (Doc. 1 at 3). Respondent asserts that this Court lacks jurisdiction to consider the

petition under 28 U.S.C. § 2241 (Doc. 5). Petitioner did not reply to the response.

After consideration of the issues raised by Petitioner, the Court concludes that the petition must be dismissed as an improper filing under § 2241. Furthermore, if the petition were not due to be dismissed, it would fail on the merits.

**I.  Background**

On August 5, 2005, Petitioner was found guilty of: (1) conspiracy to obstruct, delay, and affect interstate commerce by means of robbery by planning to take cocaine from alleged narcotics traffickers using actual or threatened force, violence, and fear of injury, in violation of 18 U.S.C. §§ 1951(a), (b)(1), and (b)(3) (count one); (2) conspiracy to possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (count two); (3) attempt to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2 (count three); (4) using and carrying firearms during and in relation to a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (count four); and (5) possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(3) (count five) (Doc. 5-1 at 11).

Petitioner was sentenced as a "career offender" under § 4B1.1 of the United States Sentencing Commission Guidelines Manual ("USSG") to serve a total of 420 months in prison, consisting of 240 months as to count one and 360 months as to counts two, three, and five, all to be served concurrently, and 60 months as to count four to be served consecutively to counts one, two, three, and five (Doc. 5-1 at 13).[1]  The Eleventh Circuit affirmed Petitioner's convictions and sentences. United States v. Reed, 259 F. App'x 289 (11th Cir. 2007).

Subsequently, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 in which he raised seven claims of ineffective assistance of counsel and argued that his enhancement for leadership should be vacated because of the Eleventh Circuit's reversal of his co-defendants' convictions (Doc. 5-1 at 18; SDFL Case No. 1:09-cv-20723-HUCK).  Petitioner's motion was denied in its entirety (Doc. 5-3; Doc. 5-4).

Petitioner filed the instant petition on April 11, 2011 (Doc. 1).  In the petition, he argues that pursuant to Johnson v. United States, 559 U.S. 133 (2010), his prior conviction for battery on a law enforcement officer and resisting arrest with

---

[1] Section 4B1.1 of the Sentencing Guidelines provides a method of sentencing a defendant who satisfies the criteria defined in the statute as a "career offender." Thus, a defendant, who is at least 18 years old and has two prior felony convictions for a crime of violence or a violation of the Controlled Substances Act must receive a criminal history category of VI and a correspondingly longer sentence. USSG § 4B1.2.

3

violence is no longer a "crime of violence" under USSG. § 4B1.2, and as a result, he is "actually innocent of his underlying enhanced sentence imposed under U.S.S.G. § 4B1.2[.]" (Doc. 1 at 3). Thus, Petitioner alleges, he was improperly enhanced as a career offender. Id.

Respondent contends that Petitioner cannot bring this claim in a § 2241 petition (Doc. 5 at 3). Respondent also argues that Petitioner's claim fails on the merits because, even considering the holding in Johnson, Petitioner's conviction for battery on a law enforcement officer and resisting arrest with violence was a "crime of violence" under § 4B1.2. Id.

## II. Analysis

Petitioner has styled this action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, which provides a means for a prisoner to challenge the execution of his sentence. Here, however, Petitioner challenges the validity of his sentence because he claims it was improperly enhanced. Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255(a); Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, because Petitioner's previous § 2255 motion was denied by the court which imposed his sentence, Petitioner may not file another § 2255 motion without first receiving permission from

the appropriate United States Court of Appeals, which Petitioner has failed to do. 28 U.S.C. § 2255(h); Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) ("[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission . . . before filing a successive § 2255 motion").

Because Petitioner is barred from filing another § 2255 motion, he filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Although 28 U.S.C. § 2255(e) expressly limits the circumstances under which a § 2241 motion may be filed, Petitioner asserts that he is allowed to file this motion under § 2241 because his claim was "foreclosed by circuit precedent at the time when [he] was permitted under the AEDPA to file a 28 U.S.C. § 2255 motion to vacate, set aside, or correct [his] underlying sentence" (Doc. 1 at 3).

### a. The *"savings clause"* provision of 28 U.S.C. § 2255(e)

Under § 2255(e)'s savings clause, a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention. Specifically, § 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court

5

> which sentenced him, or that such court has denied him relief, ***unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.***

28 U.S.C. § 2255(e) (emphasis added). A recent Eleventh Circuit opinion discussing the savings clause clarifies that where, as here, a petitioner challenges only a "fundamental defect in sentencing," he must establish two necessary conditions before he may invoke § 2255(e)'s saving clause: (1) the claim must be based upon a retroactively applicable Supreme Court decision; and (2) the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion. <u>Williams v. Warden</u>, 713 F.3d 1332, 1343 (11th Cir. 2013)(relying on the test set forth in <u>Wofford v. Scott</u>, 177 F.3d 1236 (11th Cir. 1999)).[2] This

---

[2] In <u>Wofford</u>, the Eleventh Circuit interpreted the savings clause provision to mean that the clause applies when: (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision establishes that the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion. <u>Wofford v. Scott</u>, 177 F.3d at 1244. In an *en banc* decision in 2011, however, the Eleventh Circuit explained that the three-pronged <u>Wofford</u> test was "only dicta," and clarified that the actual holding in <u>Wofford</u> was "simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." <u>Gilbert v. United States</u>, 640 F.3d 1293, 1319 (11th Cir. 2011). The three-pronged <u>Wofford</u> test has not been overturned or rejected by the Eleventh Circuit in cases where a

threshold showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's § 2241 petition. Williams, 713 F.3d at 1338.

### b. *Johnson v. United States*

Petitioner points to Johnson v. United States, 559 U.S. 133 (2010) as a retroactively applicable Supreme Court case that shows he is "actually innocent" of being a career offender (Doc. 1 at 3). Specifically, Petitioner asserts that this case proscribes the use of his prior conviction for battery on a law enforcement officer and/or resisting an officer with violence as a predicate felony for sentencing enhancement under USSG § 4B1.2 because the conviction should not have been considered a crime of violence.[3] Even setting aside the issue of Johnson's retroactivity, the case does not aid Petitioner.

---

petitioner claims that he is actually innocent of the crime for which he is currently imprisoned. Williams, 713 F.3d 1332 (11th Cir. 2013). However, Petitioner is not asserting that he is actually innocent of either his federal convictions nor his underlying predicate felonies. Rather, he is asserting only *legal* innocence: that his prior conviction for battery on a law enforcement officer and/or resisting arrest with violence should not have been considered a crime of violence under USSG § 4B1.1. Accordingly, Williams, not Wofford, provides the legal test under which to evaluate whether § 2255(e)'s savings clause opens a portal to § 2241 review.

[3] Under the Sentencing Guidelines, a crime of violence is defined as any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that:

7

Under Florida law, a battery occurs when a person "[a]ctually and intentionally touches or strikes another person against the will of the other; or [i]ntentionally causes bodily harm to another person." Fla. Stat. § 784.03(1)(a)(1)-(2). In <u>Johnson</u>, the Supreme Court held that a Florida felony conviction for battery is not categorically a "violent felony" under the "elements" clause of 18 U.S.C. § 924(e)(2)(B)'s Armed Career Criminal Act.[4] 559 U.S. 133. The Supreme Court determined that in order for a crime to qualify as a violent felony under the elements clause, it must involve "violent force," defined by the Court as "force capable of causing physical pain or injury to

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2.

---

[4] <u>Johnson</u> examined the definition of a "violent felony" under the Armed Career Criminal Act ("ACCA"). However, because the definition of a "crime of violence" for application of the career offender enhancement under USSG § 4B1.2 is virtually identical to the definition of a "violent felony" under the ACCA, the same analysis is used to determine whether a prior conviction qualifies as a as a "violent felony" under the ACCA or a "crime of violence" under USSG § 4B1.2(a)(1)-(2). <u>United States v. Williams</u>, 609 F.3d 1168 (11th Cir. 2010). <u>See also United States v. Archer</u>, 531 F.3d 1347, 1352 (11th Cir. 2008) ("This court has repeatedly read the definition of a 'violent felony' under § 924(e) of the Armed Career Criminal Act as 'virtually identical' to the definition of a 'crime of violence' under U.S.S.G. § 4B.1.2." (citation omitted)).

another[.]" Id. at 140. The Johnson Court concluded that because criminal liability under § 748.03(1)(a) is satisfied by any intentional physical contact, no matter how slight, that crime does not have the use of physical force as an element, as required by the ACCA definition of "violent felony." Id. at 136-43. Unlike the petitioner in Johnson, Petitioner was not convicted of simple battery under Florida Statute § 784.03. Rather, he was convicted of "battery on a law enforcement officer and/or resisting arrest with violence." (Doc. 1 at 3).

The Florida offense of resisting an officer with violence is defined as "knowingly and willfully resist[ing], obstruct[ing], or oppos[ing] any officer [in the execution of his duties] by offering or doing violence to the person of such officer." Fla. Stat. § 843.01. Florida courts have held that "doing violence" requires that the defendant "use . . . physical force or violence" against an officer, Harris v. State, 5 So. 3d 750, 751 (Fla. 1st DCA 2009), and have interpreted the term "offering to do violence" as an attempt to use force on an officer or a threat to use force. See Jordan v. State, 438 So. 2d 825 (Fla. 1983); Scullock v. State, 377 So. 2d 682, 683 (Fla. 1979).

The Eleventh Circuit has recognized that a Florida conviction for resisting arrest with violence constitutes a violent felony under the Armed Career Criminal Act. United

States v. Nix, 628 F.3d 1341, 1342 (11th Cir. 2010); United States v. Morris, 486 F. App'x 853, 858 (11th Cir. 2012) (noting that the statute's plain language made clear that the offense of resisting arrest with violence is "purposeful, violent, and aggressive," and concluding that the Court had no difficulty concluding that one who commits the crime of resisting arrest by knowingly and willfully offering or doing violence to an arresting officer has committed a 'violent felony' for purposes of ACCA) (citing United States v. Wardrick, 350 F.3d 446, 455 (4th Cir. 2003)). Additionally, the Eleventh Circuit has found that resisting arrest with violence in violation of Florida Statute § 843.01 constitutes a crime of violence for purposes of § 4B1.2(a)(2). See Robinson v. United States, 441 F. App'x 709 (11th Cir. 2011); United States v. Baptiste, 436 F. App'x 964 (11th Cir. 2011); United States v. Canty, 431 F. App'x 826 (11th Cir. 2011).

Moreover, the sole holding in Johnson was that a conviction under Florida's battery statute is not *categorically* a crime of violence under the elements clause of the ACCA. 559 U.S. at 143-45. The Eleventh Circuit has recently recognized that Florida battery on a law enforcement officer is a violent felony under the residual clause of USSG § 4B1.2(a)(2). Rozier v. United States, 701 F.3d 681, 682 (11th Cir. 2012) (recognizing that although a Florida battery on a law enforcement officer

conviction would not qualify as a crime of violence under the elements clause of § 4B1.2(a)(1), it would qualify as a crime of violence under the section's residual clause); see also Turner v. Warden Coleman FCI, 709 F.3d 1328 (11th Cir. 2013) (Florida battery on a law enforcement officer qualifies as a violent felony under the residual clause of the ACCA); Kilgore v. United States, 522 F. App'x 631, 633 (11th Cir. 2013) ("Florida's offense of battery on a law enforcement officer is a crime of violence under the [ACCA's] residual clause[.]").

Given that both resisting an officer with violence and battery on a law enforcement officer are qualifying predicate crimes of violence for an enhanced sentence under USSG § 4B1.1, even were Johnson on the books at the time of Petitioner's sentencing, he was properly sentenced as a career offender under USSG § 4B1.2.

### III. Conclusion

Because Petitioner cannot satisfy the first prong of the Williams test, the savings clause of § 2255(e) does not apply, and Petitioner's collateral attack on his federal conviction must be treated as a § 2255 petition. However, Petitioner has previously filed a § 2255 petition, and the instant action is successive. Therefore, this Court is without jurisdiction to consider it. Consequently, the petition must be dismissed. Moreover, because Petitioner had sufficient qualifying prior

felonies, he qualified for the USSG § 4B1.2 sentencing enhancement, and if the petition were not due to be dismissed, it would fail on the merits.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The 28 U.S.C. § 2241 (Doc. 1) petition filed by Iramm Wright is **DISMISSED** as an improper filing under § 2241; and

2. The Clerk is directed to enter judgment against Wright, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida, this ___11th___ day of October, 2013.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4  10/11/13
Copies to: All parties of record